# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. McAFEE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-00299-N |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher L. McAfee brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").

The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 26 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").)

Upon consideration of the administrative record ("R.") (Doc. 14), McAfee's brief (Doc. 15), the Commissioner's brief (Doc. 20), and the arguments presented at the hearing held February 12, 2014 (*see* Docs. 22, 27), it is determined that the Commissioner's decision denying McAfee benefits should be **REVERSED** and

**REMANDED** for further proceedings not inconsistent with this decision.[1]

## I. Procedural Background

McAfee filed applications for SSI and DIB on October 8, 2010 (R. 147-159). As to his SSI application, McAfee's protective filing date is September 27, 2010 (*see* R. 72). As to his DIB application, McAfee alleged he became disabled September 12, 2008 (*see* R. 147). Both applications were initially denied. (*See* R. 81-85.) A hearing was then conducted before an Administrative Law Judge on February 22, 2012 (*see* R. 43-70). On March 30, 2012, the ALJ issued a decision finding McAfee not disabled (R. 27-42), and McAfee sought review from the Appeals Council. The Appeals Council issued two decisions declining to review the ALJ's determination, on April 12, 2013 (*see* R. 6-12), and on May 8, 2013 (*see* R. 1-5)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981. A complaint was filed in this Court on June 6, 2013 (*see* Doc. 1).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, a plaintiff (also sometimes referred to herein as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether a plaintiff has met this burden, and thus proven that he or she is

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 26 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

2

disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* An ALJ, in turn,

> uses a five-step sequential evaluation to determine whether the [plaintiff] is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court, then, is to determine whether the Commissioner's

decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, McAfee argues that two reasons require this Court to find that the Commissioner's decision denying benefits is in error (*i.e.,* is not supported by substantial evidence):

(1) The Commissioner erred in relying upon the assessment of a Single Decision Maker ("SDM") as an evidentiary basis for the RFC; and

(2) The Commissioner erred in failing to give the appropriate weight to the opinions of the treating physician, Dr. Zarzour.

### III. <u>Analysis</u>

Before turning to McAfee's claims of error, which both concern **how** the ALJ

4

arrived at his RFC assessment and, thus, whether the RFC is supported by substantial evidence, the Court first sets out that assessment. The ALJ found McAfee could perform light work with certain additional limitations: "no work with the right hand over the head; occasional pushing/pulling with the right arm; occasional climbing of stairs or ramps but no climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; no concentrated exposure to vibration or vibrating hand tools; and no exposure to industrial hazards." (R. 34.) Importantly, the definition of light work, *see* 20 C.F.R. § 404.1567(b), includes the ability to

> lift[] more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. ***Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.*** If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

*Id.* (emphasis added).

Taking up the claims on appeal, first, it is clear that here the ALJ relied on the opinion of an SDM: in support of his RFC assessment, the ALJ cites to "[t]he State agency consultant[, who] assessed [that McAfee] retains the capacity for light work with some limits on pushing and pulling (Exhibit 3A)." (R. 36.) The ALJ, further, "granted significant weight to the assessment of the State agency medical consultant . . . ." (R. 37; *see also id.* ("In sum, the above [RFC] assessment is

5

supported by the overall objective evidence of record as well as the findings of the State agency medical consultants [sic] and Dr. Zarzour.").)

The "State Agency consultant" or "State agency medical consultant" the ALJ exalts is actually an SDM. (*See* R. 73-80 [Ex. 3A] (physical RFC assessment completed December 30, 2010 by Jessica Eubanks, identified as an SDM (*see* R. 80)).) As such, her assessment should not be "granted significant weight," but instead, should be given ***no weight***. As the Commissioner conceded in *Stone v. Astrue*, No. CA 11–00517–C, 2012 WL 3288718 (S.D. Ala. Aug. 10, 2012), an SDM "is not a medical source and her conclusions [are] not entitled to ***any*** weight[,]" *id.* at *3 (quoting the Commissioner's brief (citing, in turn, 20 C.F.R. § 404.906) (emphasis in the Court's opinion)); *see also Siverio v. Commissioner of Soc. Sec.*, 461 Fed. App'x 869, 872 n.3 (11th Cir. Feb. 23, 2012) (per curiam) ("[T]he SSA's Program Operations Manual System ('POMS') explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that SDM-completed forms are not opinion evidence at the appeals level." (citation and internal quotation marks omitted)); *accord Bonner v. Colvin*, No. CA 12–0603–C, 2013 WL 4523589, at *11 n.17 (S.D. Ala. Aug. 27, 2013).

That said, reliance on an RFC assessment completed by an SDM is not always fatal:

> If the ALJ's RFC is ***otherwise supported by substantial evidence***, any reliance on a source entitled to no weight[, such as an SDM,] may be harmless error, and, if so, the Court will affirm the Commissioner's decision [if that decision] provides the necessary linkage between the RFC assessment and specific[, proper] evidence in the record bearing upon the plaintiff's ability to perform the physical, mental, sensory, and

6

other requirements of work.

*Stone*, 2012 WL 3288718, at *3 (emphasis in original); *compare Langley v. Colvin*, Civil Action No. 11–00599–B, 2013 WL 1218399, at *8 (S.D. Ala. Mar. 25, 2013) *and Keffer v. Astrue*, Civil Action No. 11–00596–N, 2013 WL 774198, at *14 (S.D. Ala. Feb. 28, 2013) (finding that the RFC was otherwise supported by substantial evidence), *with Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at *8 (S.D. Ala. Sept. 4, 2012) ("Once the erroneously-relied-on RFC assessment by the SDM is removed from consideration, there is not substantial evidence in the record to support the ALJ's determination that the plaintiff retains the ability to perform light work with the additional limitations.").

Once the opinion of the SDM is stripped away, what substantial evidence supports the ALJ's conclusion that McAfee can perform light work with certain additional restrictions? Moreover, does the ALJ, in his decision, link such substantial evidence to the RFC determination? The ALJ contends that the opinion of a treating source, Dr. Zarzour, supports the light work RFC. Thus, McAfee's first error on appeal merges with his second error on appeal. And the Court turns to the ALJ's treatment of Dr. Zarzour's opinion.

The ALJ characterizes Dr. Zarzour's opinion—offered through a physical capacities evaluation ("PCE") and clinical assessment of pain ("CAP") dated March 5, (R. 298-301 [Ex. 10F])—as "offer[ing] limitations generally consistent with sedentary to light work activities." (R. 36; *see also id.* ("Notably, Dr. Zarzour indicates that [McAfee] has pain but it does not prevent functioning in everyday activities or work,

7

and physical activity would increase symptoms but not to such extent as to prevent adequate functioning in performing such tasks.").) However, Dr. Zarzour's PCE—which the ALJ characterized "as generally consistent with the overall objective evidence"[2]—indicates, for example, that McAfee **cannot** "use [his] feet for repetitive movements as in pushing and pulling of leg controls" and that McAfee's ability to sit, stand, and walk is limited.[3] (R. 299.) Such restrictions are clearly inconsistent with the definition of light work. (*Compare id.*, *with* § 404.1567(b) (performance of a job in the light work category "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls").) As McAfee put it,

> the ALJ's RFC assessment fails to include important limitations identified by Dr. Zarzour, in that Mr. McAfee requires a sit/stand option, he cannot perform repetitive movements with his feet/legs, and he can only occasionally reach. The ALJ, in failing to incorporate these vocationally significant limitations into his RFC assessment, erred in failing to give the appropriate weight to the opinions of Dr. Zarzour . . . .

(Doc. 15 at 9; *see also id.* at 10-12.)

As this Court recently recognized,

"[i]nherent in the judging function of an ALJ is the need to weigh and

---

[2] "As for the opinion evidence, in determining the [RFC,] the [ALJ] granted significant weight to the assessment of the State agency medical consultant"—the aforementioned SDM—"as well as the assessment of treating physician Dr. Zarzour ***as generally consistent with the overall objective evidence of record***." (R. 37 (emphasis added).)

[3] According to Dr. Zarzour, McAfee can sit for only two hours at a time (and no more than five hours total in an eight-hour day); he can stand for only one hour at a time (and no more than three hours total in an eight-hour day); and he can walk for only one hour at a time (and no more than two hours in an eight-hour day). (R. 299.)

8

evaluate the range of medical opinions appearing in the record." *Lawrence v. Astrue*, No. 5:12cv148/CJK, 2013 WL 359540, at *7 (N.D. Fla. Jan. 30, 2013). Thus, "an ALJ may not simply pick and choose among medical evidence without explanation." *Id.* An ALJ must, instead, "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

> In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion. A reviewing court may not ignore the error and proceed to determine whether the decision is supported by substantial evidence. To simply say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational. The question here is whether the ALJ's order has followed the admonition to state with some measure of clarity the grounds for assigning weight to various opinions.

*Lawrence*, No. 5:12cv148/CJK, 2013 WL 359540, at *7 (quoting *Winschel*, 825 F.3d at 1179; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)) (internal quotation marks and citations omitted).

***Moreover,*** medical opinions are generally multifaceted. And, in the course of determining a plaintiff's residual functional capacity ("RFC"), ***an ALJ may choose to accept come conclusions—or recommended related restrictions—made within an opinion while rejecting others.*** If such a choice is made, in addition to explaining the overall weight given to a particular medical opinion, the ALJ also must explain "'with at least some measure of clarity the grounds for [a] decision'" to adopt particular aspects of a medical opinion. *Winschel*, 825 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Any failure to explain his or her rationale in this regard will result in a reviewing court "declin[ing] to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Id.*

Picking some restrictions while rejecting others ***without explanation***

9

is clearly grounds to find that an ALJ's decision is not supported by substantial evidence and, therefore, order that it be remanded for further consideration.

*Smith v. Colvin*, Civil Action No. 2:13–00275–N, 2014 WL 518057, at *3 (S.D. Ala. Feb. 10, 2014) (initial emphasis added and footnote and some citations omitted).

From the Court's review of his decision it is clear that ALJ missed—or ignored—significant limitations imposed by Dr. Zarzour. Consistent with the cases discussed herein, the ALJ's failure to explicitly consider and address all aspects of the medical opinion of a treating source, ***alone***, requires this Court to conclude that the ALJ's decision is not supported by substantial evidence. And, accordingly, there can be no choice but to order that this matter be remanded for further consideration not inconsistent with this decision.[4]

## IV. <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying McAfee benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the

---

[4] The Commissioner—in her brief and at oral argument—attempted to capitalize off the ALJ's use of "sedentary work" in his RFC assessment. This argument misreads the ALJ's decision. In full, as stated above, the ALJ found "that [McAfee] has the [RFC] to perform light and sedentary work ***as defined in 20 CFR 404.1567(b) and 416.967(b)***." (R. 34 (emphasis added).) Both of those subsections <u>define</u> ***light*** work. While part of the regulatory definition of light work, as provided in those subsections, is "[i]f someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as a loss of fine dexterity or inability to sit for long period of time[,]" ***sedentary work*** is <u>defined</u> in ***separate*** subsections of the applicable federal regulations.

10

Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.[5]

**DONE** and **ORDERED** this the 17th day of March, 2014.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] At oral argument, counsel for the Commissioner posited that McAfee's onset date should be adjusted. Because the Court has determined that this matter should be remanded to the Commissioner because the ALJ's decision is not supported by substantial evidence, the onset date issue can, if necessary, be addressed on remand. *Cf. Burns v. Colvin*, No. 12–cv–05889 RBL, 2014 WL 667488, at *11 (W.D. Wash. Feb. 20, 2014) (after determining the matter should be remand for a separate reason, "the Court conclude[d] that the matter of plaintiff's alleged onset date of disability is a matter best determined following remand to the Acting Commissioner").