# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. McAFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-00299-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A), Federal Rules of Civil Procedure, on the parties' stipulated motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Doc. 32), filed June 26, 2014.[1] This joint motion in sum provides that "[t]he parties, through counsel, have agreed to an EAJA award of $3,900 in attorney fees[,]" and that this amount should be awarded "without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA." (*Id.*)

The filing goes on to discuss certain agreements between Plaintiff and the Commissioner with regard to whom the attorney fee should be paid. As this Court routinely holds, however, a plaintiff should receive the reasonable attorney fee under

---

[1] The motion appears to have been filed in lieu of the Commissioner filing a response to Plaintiff's application for attorney fees pursuant to the EAJA (Doc. 30). And the undersigned certainly appreciates the parties' efforts to negotiate the attorney fee amount.

the EAJA.  *See Astrue v. Ratliff*, --- U.S. ----, 130 S. Ct. 2521, 2526 & 2526-27 (2010). And as to any assignment by Plaintiff of the EAJA attorney fee amount to counsel, this Court continues to honor what it believes is the best practice: to "remain silent regarding the direction of payment of those fees."  *E.g., Varner v. Astrue*, No. 3:09–cv–1026–J–TEM, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011).[2]

Therefore, because the Court finds the agreed upon amount reasonable, the parties' stipulated motion (Doc. 32) is due to be and hereby is **GRANTED**, Plaintiff is awarded **$3,900.00** in attorney fees pursuant to the Equal Access to Justice Act, and his standalone application for attorney fees pursuant to the EAJA (Doc. 30) is **DENIED as MOOT**.

**DONE** and **ORDERED** this the 1st day of July, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  "In light of *Ratliff*, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees."  *Id.*